**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**G. F. A. TRANSPORTATION COMPANY, Respondent.**

No. 26277.

United States Court of Appeals Fifth Circuit.

April 25, 1969.

Marcel Mallet-Prevost, Asst. General Counsel, N. L. R. B., Washington, D. C., John F. LeBus, New Orleans, La., Roger L. Sabo, Atty., N. L. R. B., Washington, D. C., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Frank H. Itkin, Atty., N. L. R. B., for petitioner.

William F. Ford, Fisher & Phillips, William W. Alexander, Jr., Atlanta, Ga., for respondent.

Before GEWIN, McGOWAN* and MORGAN, Circuit Judges.

PER CURIAM:

This is a petition for enforcement of a Board order finding the employer guilty of certain 8(a) (1) and 8(a) (3) violations (Sections 8(a) (1) and 8(a) (3) of the National Labor Relations Act). The employer does not challenge the Section 8(a) (1) findings. Therefore, the only issues relate to the Section 8(a) (3) violations, which involve the discharge of three permanent employees and one hired for extra work.

The consideration presented to the Court in this case is succinctly outlined in Great Atlantic and Pacific Tea Company v. N.L.R.B., 354 F.2d 707 (5 Cir., 1966):

"The only issue here is whether the findings of the Board are supported by substantial evidence on the record considered as a whole. We cannot disturb the Board's choice if there is a fair conflict between the employer's testimony and a reasonable inference of discrimination [citations omitted]. The Board is not compelled to accept the employer's statement when there is reasonable cause for believing that the ground put forward by the employer was not the true one, and that the real reason was the employer's dissatisfaction with the employee's union activity [citations omitted]. When faced with a review of findings, pegged on witness credibility, courts have generally held that a determination of credibility by the N.L.R.B. is not to be reversed unless there is uncontrovertible evidence to the con-

* Judge Carl McGowan of the District of Columbia Circuit, sitting by designation.

**458**

trary [citations omitted.]." (brackets added).

 The employer's justifications for discharging the men involved appear in the record and careful study of the full proceedings reveals that the factual determinations of the Board are sustainable. The employer's contentions are without merit. The petition for enforcement of the Board's order is granted.

Order enforced.